# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| DERRICK MILLS,<br>    Plaintiff, | Case No. 1:15-cv-610 |
| vs | Black, J.<br>Bowman, M.J. |
| ARAMARK CORPORATION,<br>et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

The plaintiff in this action is an inmate at the Warren Correctional Institution (WCI) in Lebanon, Ohio.  On August 21, 2015, he filed a complaint in the Warren County Court of Common Pleas against Aramark Correctional Services, LLC (Aramark)[1] and "Aramark Employee Holt" of Philadelphia, Pennsylvania.  (*See* Doc. 3).  On September 21, 2015, Aramark filed a notice of removal of the case to this Court upon payment of the requisite $400 fee ($350 filing fee plus $50 administrative fee).   (*See* Docs. 1-2).  On October 1, 2015, the undersigned issued an Order requiring the defendants to submit within thirty (30) days additional pleadings for the purpose of ensuring that the matter is not subject to remand based on possible defects in the removal process.  (*See* Doc. 6).  It was further ordered that "any objection to the removal of this case by the plaintiff or defendant Holt must be filed within" that 30-day period.  (*Id.*, at PAGEID#: 32).  This matter is now before the Court on the parties' timely responses to the October 1, 2015 Order.  (Docs. 7-9).

As a threshold matter, it appears from the defendants' responses to the October 1, 2015 Order that the matter is not subject to remand based on any defect in the removal process. Defendant Aramark states in its response that "there is no actual individual named 'Aramark

---

[1] In the complaint, plaintiff refers to Aramark as "Aramark Corporation."  (*See* Doc. 3).  However, the improper pleading reference has been corrected by Aramark in its answer to the complaint.  (*See* Doc. 4).

Employee Holt'" and that "only Aramark . . . has been properly served in this lawsuit" because the "former employee," who was "merely served at the address of his former employer," has never been personally served with the complaint. (Doc. 8). The attorney currently representing "Aramark Employee Holt" was retained by Aramark to answer the complaint on behalf of the individual defendant "as a placeholder in order to prevent default judgment." (*See* Doc. 9, at PAGEID#: 45 n.1). In the responsive pleading filed on behalf of "Aramark Employee Holt," the attorney contends that although the individual defendant "has not consented to removal of this action, . . . his consent is not required in order for removal to be proper" because, in accordance with Aramark's position, the defendant has been "sued under a fictitious name and has not been properly served." (*Id.*, at PAGEID#: 46). Counsel further argues that "Aramark Employee Holt" is in reality a "John Doe Defendant," whose citizenship may be disregarded at this juncture for purposes of removal founded upon the Court's diversity jurisdiction. (*Id.*, at PAGEID#: 47). Because it thus appears that the non-joining individual defendant has yet to be served with the complaint, the "rule of unanimity" does not apply to render Aramark's removal of the case to this Court defective.

That does not end the inquiry, however. Plaintiff has objected to removal based, in part, on concern that his complaint may not present a claim under 42 U.S.C. § 1983 that would trigger this Court's federal question jurisdiction. (*See* Doc. 7).[2] In the responsive pleading filed on behalf of "Aramark Employee Holt," counsel suggests that removal is proper to the

---

[2] It is noted that courts have reached conflicting conclusions as to whether or not claims against Aramark, a private company that contracts with the State to provide food services in prisons, are subject to dismissal for failure to sufficiently allege state action under 42 U.S.C. § 1983. *See Dotson v. Shelby Cnty.*, No. 13-2766-JDT-tmp, 2014 WL 3530820, at *13 & n.20 (E.D. Tenn. July 15, 2014) (and cases cited therein). As the court pointed out in *Dotson*, federal district courts in the Sixth Circuit "have assumed, for purposes of screening, that Aramark is a state actor." *Id.*

2

extent that this Court has diversity jurisdiction to consider claims against defendants alleged to be citizens of another state. (*See* Doc. 9, at PAGEID#: 47). Therefore, it appears at this juncture that removal of the case to this Court is proper.

Nevertheless, before this matter may proceed further, the Court must conduct a *sua sponte* review of the prisoner complaint to determine whether the complaint, or any portion thereof, should be dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). In the complaint, plaintiff alleges that "[o]n or about June 28, 2015, Defendant Holt willfully and maliciously attacked and physically assaulted Plaintiff in the food service area porter closet of [WCI]." (Doc. 3). Plaintiff seeks to hold Holt liable for injuries suffered in the attack and also alleges that Aramark is liable for failing "to properly train and/or properly supervise" its employee. (*Id.*). As relief, plaintiff requests damages and injunctive relief in the form of an order directing Aramark "to ensure that all its employees are properly trained." (*Id.*).

It is now clear from the defendants' pleadings filed in response to this Court's October 1, 2015 Order that the defendant "Aramark Employee Holt" is actually an unknown "John Doe" defendant, a former Aramark employee, who is yet to be served with the complaint. At this juncture, the misidentified defendant should not be dismissed as a party, but rather plaintiff should be provided an opportunity to conduct limited discovery to determine the Aramark former employee's identity and where he is located for service purposes. As the Court explained in a case where only "John Doe" defendants remained in the case after the initial screening review of the complaint:

3

> Although designation of a "John Doe" or "unknown" defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery. . . .  The Federal Rules of Civil Procedure do not require the Court to dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint. Rather, "the plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.

*Murray v. Ohio Dep't of Rehab. & Corr.,* No. 1:14cv168, 2014 WL 1382401, at *1, *4 (S.D. Ohio Apr. 8, 2014) (Black, J.; Litkovitz, M.J.) (quoting *Robinson v. Doe*, No. 1:07cv729, 2009 WL 650383, at *2 (S.D. Ohio Mar. 10, 2009) (Weber, J.)).  Here, although misidentified by plaintiff in the complaint, "Aramark Employee Holt" is a real person, who has been referred to in the defendants' responsive pleadings as a "former" Aramark employee.  It, therefore, appears that the employee's identity and whereabouts are discoverable.  "Where service has not been obtained upon the[] defendant and where there is a substantial likelihood that further service can be made and personal jurisdiction may be attained over the unknown defendant[], the proper course is to quash the improper service and grant the plaintiff an extension of time within which to effect proper service." *Robinson, supra*, 2009 WL 650383, at *2.[3]  Therefore, the complaint against the misidentified Aramark employee should not be dismissed at this juncture in the proceedings.

Furthermore, to the extent this Court has diversity jurisdiction over this matter, the complaint, liberally construed, appears to state claims sounding in state tort law which are deserving of further development and may proceed at this juncture.  In addition, to the extent that

---

[3] It is noted that removal may be raised again as an issue if the former Aramark employee's identity and whereabouts are discovered and, upon service of the complaint, that individual exercises his right under 28 U.S.C. § 1448 to move to remand the case to the state court.  Furthermore, remand under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction may arise as an issue if it is later discovered that the "John Doe" defendant is a citizen of Ohio, thereby destroying this Court's diversity jurisdiction over the matter.

Aramark and its employee arguably may be deemed "state actors" within the meaning of 42 U.S.C. § 1983, thereby triggering this Court's federal question jurisdiction, the complaint should also be allowed to proceed against the former Aramark employee who allegedly attacked plaintiff on June 28, 2015. *See* 28 U.S.C. § 1915(e)(2)(B). However, to the extent plaintiff claims that Aramark violated his federal constitutional rights by failing to properly train or supervise its employee, such claim is subject to dismissal because the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). Here, in the absence of any allegations that supervisory staff at Aramark authorized or acquiesced in the June 28, 2015 attack at WCI, plaintiff has not stated a plausible federal constitutional claim against Aramark. *Cf. Wingo,* 499 F. App'x at 455 (claim against supervisory state officials for failure to enforce prison policies and failure to investigate the unprofessional conduct of correctional officers does not state a plausible claim under § 1983 absent allegations that those officials actively participated in the

5

alleged misconduct); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Accordingly, in sum, the undersigned concludes that plaintiff may proceed with his complaint in this Court, except that any claim by plaintiff that defendant Aramark is liable as a matter of federal constitutional law for failing to supervise or train the employee involved in the June 28, 2015 incident at WCI should be dismissed with prejudice on the ground that plaintiff has failed to state a viable claim under 42 U.S.C. § 1983.

## IT IS THEREFORE RECOMMENDED THAT:

Any claim by plaintiff under 42 U.S.C. § 1983 against defendant Aramark be **DISMISSED** with prejudice on the ground that plaintiff's allegations fail to state a claim upon which relief may be granted by this Court. (*See* Doc. 3).

## IT IS THEREFORE ORDERED THAT:

1. At this juncture, it appears that removal of the Warren County Common Pleas Court case to this Court is proper. Plaintiff may proceed with his complaint to the extent that (1) the Court has diversity jurisdiction to consider plaintiff's state-law tort claims against the defendants; and (2) the Court has federal question jurisdiction to consider a claim under 42 U.S.C. § 1983 against the former Aramark employee stemming from an attack that allegedly occurred at WCI on June 28, 2015.

2. In light of defendants' recent pleadings establishing that the defendant "Aramark Employee Holt" is actually an unknown "John Doe" defendant, it is hereby **ORDERED** that service of process on "Aramark Employee Holt" is **QUASHED**. Defendant Aramark is hereby **ORDERED** to provide the plaintiff within **sixty (60) days** of the date of this Order with any information in its possession regarding the identity of the former Aramark employee allegedly

6

involved in the incident that occurred at WCI on June 28, 2015 and that former employee's current address. Plaintiff is granted an extension of **120 days** from the date of this Order in which to identify and effectuate service on the "John Doe" defendant currently referred to in the complaint as "Aramark Employee Holt." Plaintiff is hereby **NOTIFIED** that if the "John Doe" defendant is not served within the requisite 120-day period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time" in the absence of a showing by plaintiff of "good cause for the failure" to timely effectuate service. *See* Fed. R. Civ. P. 4(m) (provision in effect until December 1, 2015).

3. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK MILLS,	Case No. 1:15-cv-610
    Plaintiff,

                                Black, J.
vs.	Bowman, M.J.

ARAMARK CORPORATION, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc