# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DERRICK MILLS,

   Plaintiff,       Case No. 1:15-cv-610

  v.           Black, J.
              Bowman, M.J.

ARAMARCK CORP., et al.,

   Defendants.

## REPORT AND RECOMMENDATION

Pursuant to local practice, this prisoner civil rights case has been referred to the undersigned magistrate judge. *See* 28 U.S.C. § 636(b). For the reasons that follow, I now recommend that judgment be entered in favor of Defendants, and that this case be closed.

### I. Background

On August 21, 2015, Plaintiff Derrick Mills, currently incarcerated at the Warren Correctional Institution, filed a Complaint in Warren County Court of Common Pleas, Case No. 15CV87635, alleging a claim of assault by an "Aramark Employee Holt" on June 28, 2015, as well as claims against "Aramark Corporation" for failure to properly train and/or supervise its employee. The one-page complaint offers little detail, but alleges that Defendant Holt "willfully and maliciously attacked and physically assaulted Plaintiff in the food service area porter closet of the Warren Correctional Institution," and that the physical assault "caused Plaintiff great pain of mind and body, and particularly to Plaintiff's back area that continues to experience pain after the attack." (Doc. 3).

-1-

On September 21, 2015, Defendant Aramark Correctional Services, LLC[1] removed the action to the United States District Court for the Southern District of Ohio. Based on the affidavit of indigency filed by Plaintiff in state court and provided by the Defendants at the time of removal, it appeared that Plaintiff had been granted leave to proceed *in forma pauperis* at the time of filing his action in state court and that the Warren County Clerk of Courts initiated service of process on Plaintiff's behalf. Based on that fact, this Court conducted a *sua sponte* review of Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and permitted Plaintiff to proceed in this Court to the extent that (1) the Court has diversity jurisdiction to consider plaintiffs state-law tort claims against the Defendants; and (2) the Court has federal question jurisdiction to consider a claim under 42 U.S.C. § 1983 against the former Aramark employee stemming from an attack that allegedly occurred at Warren Correctional Institution on June 28, 2015 (Doc. 10). However, the Court found that the state court service of process as to Defendant "Aramark Employee Holt" was deficient, as the Defendant's actual identity was unknown at the time service was issued.

The state court service of process was quashed and this Court ordered Defendant Aramark Corporation to provide to Plaintiff within sixty (60) days, any information in its possession regarding the identity of the former Aramark employee allegedly involved in the incident. Defendant Aramark Corporation moved to release this personal information directly to the Court, in order to maintain security and privacy concerns of the unnamed Defendant (Doc. 13). On February 22, 2016, the Court

---

[1]Although the docket sheet continues to reflect Plaintiff's designation of the Defendant as "Aramark Corporation," the Defendant Aramark has corrected its name in its answer to the complaint as "Aramark Correctional Services, LLC" of Philadelphia, Pennsylvania. (Doc. 4; see also Doc. 10 at n.1).

granted Defendant's motion and directed Defendant Aramark Corporation to directly submit this information to the Court for *in camera* review (Doc. 14).

The information provided by Aramark identified the intended individual as Defendant John Holt, a former employee who was terminated by Aramark as a result of the conduct that gave rise to this lawsuit. Although the Court attempted to serve John Holt on Plaintiff's behalf at the address provided by his former employer, the summons was initially returned unexecuted and marked "Return to Sender, no such street." (Doc. 20, address under seal). Noting a discrepancy in the address provided by Aramark and the address on the unexecuted summons, the undersigned ordered the Clerk of Court to reissue the summons with a corrected zip code, and to re-transmit the same to the U.S. Marshal for service. However, reissuance of service to the corrected address by certified mail was returned as "unclaimed" by the U.S. Postal Service. (Doc. 23). Thereafter, on June 30, 2016, the Court made a final attempt to serve Defendant John Holt by ordinary mail, pursuant to Local Rule 4.2(c). Service by ordinary mail was not returned as undeliverable, giving rise to a presumption that Defendant John Holt was properly served. Because service would have occurred not later than early July 2016, any response or answer by Defendant Holt is long overdue. However, the individual Defendant Holt has never entered an appearance in this litigation.

Notwithstanding the failure of Defendant Holt to enter any appearance, the undersigned entered a calendar order directing the parties to complete all discovery by March 1, 2017, with any dispositive motions to be filed by May 1, 2017. (Doc. 26). On May 1, 2017, Defendant Aramark filed two separate dispositive motions, including a motion for judgment on the pleadings pursuant to Rule 12(c), and a second motion for

summary judgment under Rule 56. Defendant's motion for summary judgment reflects that Plaintiff has undertaken no discovery in this case whatsoever.

In addition to serving Plaintiff with a copy of the motions, Defendant served Plaintiff with a "Notice" of his obligation to timely respond. (Doc. 30). After Plaintiff failed to file any timely response, the undersigned ordered Plaintiff

> **TO SHOW CAUSE**, in writing on or before **June 20, 2017**, why the Defendant Aramark Correctional Service's dispositive motions (docs. 27, 28) should not be construed as unopposed and granted for the reasons stated. Failure to timely comply with this Order will result in a Report and Recommendation to the District Judge that the pending motions be granted. The Clerk of Court is hereby DIRECTED to serve a copy of this Order upon Plaintiff at his address of record, as well as a courtesy copy to Madison Correctional Institution, Plaintiff's current address as reflected by the records of the Ohio Department of Rehabilitation and Corrections.

(Doc. 31 at 1-2). Plaintiff did not respond to the Order directing him to show cause why the Defendant's motions should not be granted. The undersigned now recommends that judgment be granted in favor of both Defendants, and that this case be dismissed with prejudice and closed.

## II. Analysis

As stated above, the complaint is bare-bones, alleging that an individual identified with the surname "Holt" and employed by Defendant Aramark, physically assaulted Plaintiff on June 28, 2015 in the food service "porter closet." Plaintiff's allegation against Defendant Aramark is limited to a single statement accusing Aramark of "failure to properly train and/or properly supervise Defendant Aramark Employee Holt (HOLT)…thus establishing both direct and vicarious liability on the part of both named Defendants." (Doc. 3).

**A.  Aramark's Pending Motion  for Judgment on the Pleadings**

Defendant Aramark persuasively argues under Rule 12(c) of the Federal Rules of Civil Procedure that Plaintiff has failed to put forth sufficient facts in his complaint to state a plausible, cognizable claim as it relates to either his request for injunctive relief or his prayer for punitive damages against Aramark.  Plaintiff's single allegation against Aramark – that Aramark failed to properly train and/or supervise Defendant Holt –  is so devoid of any factual detail that arguably, the undersigned could have dismissed the allegation outright under 28 U.S.C. § 1915(e).    To the extent that the claim was permitted to proceed as setting forth a "plausible" failure to train or supervise claim against Aramark, the only claim that is "plausible" is one for compensatory damages, as it is abundantly clear there are no allegations that would give rise to claims for injunctive relief or punitive damages.

**B.  Aramark's Pending Motion for Summary Judgment**

Despite the failure of Plaintiff himself to conduct any discovery in this case, Defendant Aramark has filed a motion for summary judgment that is fully supported by appropriate evidentiary exhibits, which evidence has not been rebutted.  The standard of review for Defendant's motion for summary judgment differs from the Court's review of the Defendant's Rule 12(c) motion, which is limited to review of the complaint itself. Unlike that more limited review, Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A

court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). As the moving party, Aramark has the burden of showing an absence of evidence to support the Plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once a moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248-49. The mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the nonmoving party. *Id.* at 252.

Aramark has clearly met its burden of production, and has conclusively proven that no genuine issue of material fact exists on Plaintiff's claims against it, and that it is entitled to judgment as a matter of law. Considering Plaintiff has failed to respond at all to the Defendant's well-supported motion, and after review of all of the exhibits attached to Aramark's motion, the undersigned recommends that judgment be granted in Aramark's favor. Aramark persuasively argues that it cannot be held liable under a theory of *respondeat superior* for any intentional tort committed by its former employee, John Holt, whom it fired shortly after learning of the incident that forms the basis for this lawsuit. As Defendant explains, "Holt's actions were not authorized by Aramark, Holt's actions were not part of a purpose to serve Aramark, and Holt's actions were not what he was hired to do." (Doc. 28 at 4). The Defendant has also put forth unrebutted evidence that Holt's actions were not reasonably foreseeable, and that Holt was

appropriately trained on policies and procedures concerning interactions with inmates, passed a background check, and was monitored, assessed and supervised throughout his employment. His actions in entering a closet with an inmate (Plaintiff herein) were unauthorized by Aramark and resulted in his termination.

Defendant Aramark additionally argues that it cannot be held liable for negligent supervision and negligent training, because Plaintiff has failed to prove that the employee (Holt) is individually liable for a tort. The undersigned agrees, to the extent that Plaintiff has failed to prosecute his claims against either Aramark or Holt.

In addition, to the extent that any reviewing court does not agree with the recommendation that Aramark be granted judgment on the pleadings for Plaintiff's claims of punitive damages and injunctive relief, the undersigned recommends that judgment be granted on those claims under Rule 56, for the reasons stated in Defendant's motion.

### C. Plaintiff's Failure to Prosecute

The recommendation that Defendant Aramark's motions should be granted in this case would – at least theoretically – leave in place Plaintiff's claims against individual Defendant John Holt, who was served by ordinary mail, but who has never appeared to answer or otherwise respond. However, the undersigned recommends instead that the entirety of Plaintiff's complaint be dismissed for failure to prosecute, given Plaintiff's failure to keep this Court apprised of his current address, his failure to undertake <u>any</u> discovery in this case, and failure to respond to the Defendants' well-supported motions despite this Court's "show cause" order.

The prison address used by this Court is the only address that Plaintiff has ever provided since initiating this litigation. It is incumbent upon any litigant, including a *pro se* litigant, to keep the Court apprised of his or her current address. While some latitude may be extended to *pro se* litigants "when dealing with sophisticated legal issues...there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). In order to pay heed to a defendant's right to fair and timely resolution of litigation, *pro se* litigants should not "be accorded special consideration" when they fail to adhere to readily-comprehended court deadlines. *See id.*, 951 F.2d at 110. Without such basic information as a current address from a would-be plaintiff, a court has no recourse but to dismiss a complaint for failure to prosecute. *See, e.g., Whittaker v. Hilltop Records*, 2009 WL 2734052 (S.D. Ohio Aug. 27, 2009)(dismissal of *pro se* plaintiff); *Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.,* 960 F.2d 603, 608-609 (6th Cir. 1992)(dismissal upheld in part due to counsel's failure to advise court of change of address).

The docket of this case reflects that Plaintiff last filed a document with the Court on December 10, 2015. (Doc. 12). There is no indication in the records of this Court that he has taken any action in furtherance of his claims since that date. He undertook no discovery from Defendant Aramark, and was expressly warned by both Defendant Aramark and by this Court, through the "show cause" order, that his claims were likely to be dismissed if he failed to respond to the pending dispositive motions.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of

the court...."  Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations.   *See Bragg v. Flint Bd of Educ.*, 570 F.3d 775 (6th Cir. 2009).

### III. Conclusion

For all the reasons stated herein, **IT IS RECOMMENDED THAT** Defendant's pending motions for judgment on the pleadings and for summary judgment (Docs. 27, 28) be **GRANTED**, with all claims to be dismissed against Defendant Aramark.  **IT IS FURTHER RECOMMENDED** that Plaintiff's case be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** for failure to prosecute, and that this case be **CLOSED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DERRICK MILLS,

        Plaintiff,                              Case No. 1:15-cv-610

        v.                                  Black, J.
                                              Bowman, M.J.

ARAMARCK CORP., et al.,

        Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).